IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| GLOBAL EMERGENCY RESOURCES, LLC, | ) | CASE NO. 16-10908-SDB |
| Debtor | ) | |

**MOTION FOR ORDER AUTHORIZING THE DEBTOR TO OBTAIN FINANCING AND GRANTING PRIORITY STATUS PURSUANT TO 11 U.S.C. §364(c)(1) and (3)**

Global Emergency Resources, LLC (the "Debtor") files this Motion pursuant to Sections 364(b) of Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure 4001(c)(d) and 9014 seeking an order authorizing the Debtor to obtain financing and granting priority status pursuant to 11 U.S.C. §364(c)(1) and (3), showing as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. On July 6, 2016 (the "Petition Date"), the Debtor filed a voluntary petition with the Court under Chapter 11 of the Bankruptcy Code.

3. The Debtor has remained in possession of its assets and continues to operate and manage its business as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

4. As of the date of this filing, no official committee of unsecured creditors has been appointed and no request has been made for the appointment of a trustee or examiner.

5. The Debtor specializes in software development and systems integration to create a Common Operating Picture and Situational Awareness for critical disease surveillance, patient and asset tracking during emergency and daily operations. For over ten (10) years, GER has

successfully integrated systems for a wide variety of healthcare markets at the local, state, regional and national levels. From the initial planning stages through development, installation, training, exercises and drills, GER provides true systems integration and implementation for its First Responder, Fire and EMS Customers. GER is focused upon developing applications that bridge the communication gaps existing between Fire/EMS/Public Health and other Medical providers at the local, state and federal level.

6. Prior to the Petition Date, the Debtor executed into a Secured Promissory Note ("Note") with Pro-Sphere Tek, Inc. (hereinafter "Lender") to borrow $115,000.00 to maintain its ongoing business operations. To secure the Debtor's obligation to repay the Note, the Debtor granted to the Lender a security interest in all of the Debtor's assets. A true and accurate copy of the June 29, 2016 Secured Promissory Note (Exhibit "A"), Security Agreement (Exhibit "B"), and Copyright Security Agreement (Exhibit "C") are attached to this motion and are incorporated by this reference.

7. The Debtor's business requires that it continue obtaining advances on a line of credit with its pre-petition secured lender. This ongoing post-petition financing arrangement is necessary to allow the Debtor to either propose and consummate a Chapter 11 Plan of Reorganization or to maximize and preserve the value of the Debtor's physical assets and existing business operations for a potential sale pursuant to 11 U.S.C. §363.

8. The Lender has agreed to provide post-petition Debtor-in-Possession ("DIP") financing in an amount not to exceed $385,000.00. The DIP financing is contingent upon securing the post-petition loan disbursements with the same collateral that secured the Note and is also contingent upon the Court granting to the Lender a priority claim pursuant to 11 U.S.C. §364(c)(1) & (3) in the event that the available funds from business operations and/or a

liquidation of the collateral is insufficient to secure full repayment of the DIP financing. A true and accurate copy of the proposed DIP financing loan is attached as Exhibit "D" and is incorporated by this reference.

9. The Lender's existing security interest in certain assets of the Debtor is junior to security interests granted to third party creditors with liens that were properly perfected prior to the granting and perfection and the lien in favor of the Lender. True and accurate copies of the previously recorded financing statements are attached as exhibits to the pre-petition Security Agreement included in Exhibit "B."

10. The Debtor is unable to obtain post-petition financing by providing to the Lender an administrative claim pursuant to 11 U.S.C. §364(b). However, the Lender has agreed to allow the DIP financing to be secured with the same collateral, and maintaining the same lien priority and to the same extent as the pre-petition liens securing the Note. The DIP financing is not contingent upon the Court providing to the Lender a lien senior to any lien that maintained a senior position relative to the Lender's security interest as of the Petition Date.

11. The financing sought by the Debtor will minimize the disruption of the Debtor's business, will preserve the assets of the Debtor's estate, and will enhance the possibility of a successful reorganization of the Debtor or sale of the assets. Obtaining the DIP financing is therefore in the best interests of the Debtor, its creditors and the Chapter 11 estate.

12. The Lender has acted in good faith in negotiating and agreeing to the terms and conditions of providing DIP financing, as required by 11 U.S.C. §364(e), and the terms of the proposed financing are fair and reasonable under the circumstances.

13. Concurrently with the filing of the instant Motion for DIP financing, the Debtor is filing a motion seeking an order approving the Debtor's request to pay specified wages, salaries and

commissions owed to employees of the Debtor for the period of June 1, 2016 through June 30, 2016. The Debtor is also filing a motion for expedited hearing, as the Debtor needs to obtain the financing and authority to pay the wages, salaries and commissions on or before Friday, July 8, 2016.

14. The Debtor has attached as Exhibit "E" cash flow projections for the first ninety (90) day as of this case during which the Debtor will need to borrow funds from the Lender.

WHEREFORE, the Debtor respectfully prays that the Court entering an Order providing:

a) that the Debtor is authorized to execute, deliver and perform under the DIP financing agreement, to obtain funds pursuant to the terms thereof;
b) that the DIP financing will be secured to the same extent and pursuant to the same priority of liens that existed prior to the Petition Date without the necessity of recording any additional documents to be publically recorded;
c) that the Lender will have a priority claim pursuant to 11 U.S.C. §364(c)(1) & (3); and
e) granting to the Debtor such other and further relief as is just and equitable.

This 6th day of July, 2016.

s/Todd Boudreaux
TODD BOUDREAUX
Attorney for Debtor
Georgia State Bar No. 070023

BOUDREAUX LAW FIRM
493 Furys Ferry Road
Augusta, GA 30907
(706) 869-1334

## CERTIFICATE OF SERVICE

This is to certify that a copy of the **MOTION TO OBTAIN FINANCING** was served upon the following parties by depositing said copy in the United States mail with adequate postage affixed, for the safe and proper delivery, addressed as follows:

Office of the U.S. Trustee
*Via ECF/Electronic Notification*

This ___ day of July, 2016.

_s/ Todd Boudreaux_
TODD BOUDREAUX
Attorney for Debtor
Georgia State Bar No. 070023

BOUDREAUX LAW FIRM
493 Furys Ferry Road
Augusta, GA 30907
(706)869-1334