*THE PROMISSORY NOTE REPRESENTED BY THIS CERTIFICATE HAS BEEN ACQUIRED IN A TRANSACTION NOT INVOLVING ANY PUBLIC OFFERING AND HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "1933 ACT"), OR THE LAWS OF ANY STATE. THIS PROMISSORY NOTE MAY NOT BE SOLD OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATION OR AN EXEMPTION THEREFROM UNDER SUCH ACT AND THE LAWS OF ANY APPLICABLE STATE.*

**Secured Promissory Note**

**Due November 1, 2016**

$385,000.00
                                                                 July 9, 2016
                                                                 Alexandria, Virginia

WHEREAS, Global Emergency Resources, LLC., a Georgia limited liability company (herein called the "Company" or "Debtor") desires set up a secured line of credit with Pro-Sphere Tek, Inc. ("Pro-Sphere") or registered assigns (hereinafter called the "Payee"), and Payee desires to provide post-petition funds to the Company ("DIP Financing");

WHEREAS, pursuant to the DIP Financing, Pro-Sphere is willing to advance funds to the Company to allow the Company to continue its operations after filing a Chapter 11 case on the terms and conditions of this Note;

NOW, THEREFORE, FOR VALUE RECEIVED, the Company hereby promises to pay to the order of Payee the principal sum of THREE HUNDRED EIGHTY-FIVE THOUSAND DOLLARS ($385,000.00), together with interest from the date hereof at the rate set forth below on the principal amount from time to time remaining unpaid hereof at the Payee's address at 1101 King Street, Suite 200, Alexandria, Virginia 22301, or at such other place as the Payee may from time to time in writing designate. Interest equal to four percent (4%) per annum, of the principal amount shall accrue from the date hereof until the date on which the full principal balance of the Note is paid.

The schedule of disbursements to the Debtor in the amounts and on the dates as follows:

(a) $115,000.00 on July 9, 2016;
(b) $150,000.00 on August 1, 2016;
(c) $85,000.00 on October 1, 2016.

Interest and principal shall be payable in lawful money of the United States of America, as follows:

(a)     The full outstanding balance of principal, together with interest accrued and unpaid thereon, shall be payable on the earlier of November 1, 2016 or the date on which substantially all the assets of the Company are sold (the "Maturity Date").

**Collateral Security.** In order to secure the due payment and performance by the Company of the principal and interest under this Note, the Company confirms and agrees that it has granted to the Payee,

Page 1 of 4

Company Initials: _____



as secured party, a lien on Company's properties and assets, whether now owned or hereafter acquired, tangible and intangible, by the execution and delivery to the Payee of a security agreement dated June 29, 2016. The Company's obligations to comply with the terms of this July 9, 2016 Note shall be secured by the June 29, 2016 Security Agreement and the Copyright Security Agreement dated June 29, 2016 without the need for the Payee to file any additional notices. The Debtor will obtain from the United States Bankruptcy Court approval of the security agreement granted herein and will also request that the Payee's claim for any amounts owed under this Note are afforded priority status pursuant to 11 U.S.C. §364(c) (1) & (3).

**Prepayment**. This Note may be prepaid by the Company in whole or in part prior to the Maturity Date. In the event of prepayment in whole, the Company shall also pay all accrued and unpaid interest at the time of such prepayment.

**Default**. For so long as all or any portion of the principal amount of this Note shall be outstanding, if any one or more of the following events shall occur for any reason whatsoever (whether such occurrence shall be voluntary or involuntary or be effected by operation of law or pursuant to any judgment, decree or order of any court or any order, rule or regulation of any administrative or other governmental body), it shall be deemed an "Event of Default" hereunder:  (1) default by the Company in the due and punctual payment of the principal, interest, or both on this Note when and as the same shall become due and payable, whether at maturity or at a date fixed for prepayment or by acceleration or otherwise;  (2) default by the Company in the performance or observance of any covenant in this Note or any covenant, agreement or other provision of any other instrument or document delivered to the Payee in connection with or pursuant to this Note that is not cured within a period of fifteen (15) days after written notice of such default is given to the Company, or if any such instrument or document shall terminate or become void or unenforceable other than (i) in accordance with its terms or (ii) with the Payee's prior written consent;  (3) if any representation or warranty, or any other statement of fact herein or in any writing, certificate, report or statement (including financial statement) at any time furnished to the Payee pursuant to or in connection with this Note shall be false or misleading in any material respect when made;  (4) the appointment of a trustee or receiver for the Company or for a substantial part of the properties of the Company without the consent of the Company and such trustee or receiver not being discharged within sixty (60) days;  (5) the institution of bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings by or against the Company remaining undismissed for a period of ninety (90) days;

If any such Event of Default shall occur, the holder of this Note may, at its option, declare this Note to be due and payable, whereupon the maturity of the then unpaid balance of this Note shall be accelerated and the same and all interest accrued thereon shall forthwith become due and payable without presentment, demand, protest or notice of any kind, all of which are hereby expressly waived, anything contained herein to the contrary notwithstanding, and the holder may exercise and shall have any and all remedies accorded the holder by law.

In case any one or more Events of Default shall occur and be continuing, the holder of this Note may proceed to protect and enforce its rights or remedies either by suit in equity or by action at law, or both, whether for the specific performance of any covenant, agreement or other provisions contained in this Note or proceed to enforce the payment of this Note or any other legal, equitable or statutory right or remedy.

No right or remedy herein conferred upon the Payee is intended to be exclusive of any other right or remedy contained herein or in any instrument or document delivered in connection with or pursuant to this Note, and every such right or remedy contained herein and therein or now or hereafter existing at law or in equity or by statute, or otherwise may be exercised separately or in any combination.

Page 2 of 4

Company Initials: _____

**Miscellaneous**. Upon receipt by the Company of evidence satisfactory to it of the loss, theft, destruction or mutilation of this Note, and (in case of loss, theft or destruction) of indemnity satisfactory to it, and upon reimbursement to the Company of all reasonable expenses incidental thereto, and upon surrender and cancellation of this Note, if mutilated, the Company will make and deliver a new Note of like tenor in the principal amount of this Note then outstanding in lieu of such Note. Any Note so made and delivered shall be dated as of the date to which interest shall have been paid on the Note lost, stolen, destroyed or mutilated.

The terms of this Note shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia (but not including the choice of law rules thereof).

The Company promises to pay all reasonable costs and expenses (including without limitation attorneys' fees and disbursements) incurred in connection with the collection hereof, and to perform each and every covenant or agreement to be performed by the Company under this Note and any other instrument evidencing the obligation represented by this Note.

Any payment on this Note coming due on a Saturday, a Sunday, or a day which is a legal holiday in the place at which a payment is to be made hereunder shall be made on the next succeeding day which is a business day in such place, and any such extension of the time of payment shall be included in the computation of interest hereunder.

Each Obligor (which term shall include the Company and all makers, sureties, guarantors, endorsers, and other persons assuming obligations pursuant to this Note) under this Note hereby waives presentment, protest, demand, notice of dishonor, and all other notices, and all defenses and pleas on the grounds of any extension or extensions of the time of payments or the due dates of this Note, in whole or in part, before or after maturity, with or without notice. No renewal or extension of this Note, no release or surrender of any collateral given as security for this Note, no release of any Obligor, and no delay in enforcement of this Note or in exercising any right or power hereunder, shall affect the liability of any Obligor.

No single or partial exercise by the Payee of any right hereunder, shall preclude any other or further exercise thereof or the exercise of any other rights. No delay or omission on the part of the Payee in exercising any right hereunder shall operate as a waiver of such right or of any other right under this Note.

This Note and all agreements between the Company and the Payee relating hereto are hereby expressly limited so that in no contingency or event whatsoever, whether by reason of acceleration or otherwise, shall the amount paid or agreed to be paid to the Payee for the use, forbearance or detention of money hereunder exceed the maximum amount permissible under applicable law. If from any circumstance whatsoever fulfillment of any provision hereof, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance the Payee shall ever receive interest, or anything which might be deemed interest under applicable law, which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to the reduction of the principal amount owing on account of this Note and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal of this Note, such excess shall be refunded to the Company. All sums paid or agreed to be paid to the Payee for the use, forbearance or detention of the indebtedness of the Company to the Payee shall, to the extent permitted by applicable law, be deemed to be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of such indebtedness is uniform throughout the term thereof. The terms and provisions of this paragraph shall control and

Company Initials: _____

supersede every other provision of this Note and all other agreements between the Company and the Payee.  It is expressly represented and agreed by the Company that the proceeds of this Note are for business purposes.

The terms of this Note are subject to and are contingent upon approval by the United States Bankruptcy Court for the Southern District of Georgia.

Whenever used herein, the words "Company," "Debtor", "Payee" and "Obligor" shall be deemed to include their respective successors and assigns.

IN WITNESS WHEREOF, Global Emergency Resources, LLC, a Georgia limited liability company, has caused this Note to be signed in its company name by its Chief Executive Officer, by authority duly given, all as of the day and year first above written.

Global Emergency Resources, LLC.


By: _____

Printed Name:   Stan J. Kuzia Jr.

Title: Chairman  & CEO

Company Initials: _____